IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

CLEMENTE BOBBY PINEDA,

      Defendant.

No. 6:21-cr-00482-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant's Motion to Dismiss Count 1 of the Indictment. ECF No. 27. For the reasons set forth below, the Motion is DENIED.

## DISCUSSION

On December 16, 2021, Defendant Clemente Bobby Pineda was charged by indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Defendant has previously been convicted of Robbery in the Second Degree in Oregon state court in 2009 and Felon in Possession of a Firearm in Oregon federal court in 2016.

Defendant moves to dismiss the indictment on the basis that § 922(g)(1) violates the Second Amendment as applied to him, citing the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, ___U.S.___, 142 S.Ct. 2111, (2022). Numerous courts across the country, including courts within this District, have rejected the argument presented by Defendant here. *See, e.g., United States v. Moore*, Case No. 3:20-cr-00474-IM-1, 2023 WL 154588 (D. Or. Jan. 11,

2023); *United States v. Butts*, ___F. Supp.3d___, No CR 22-33-M-DWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Carleson*, No. 3:22-CR-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *United States v. Siddoway*, No. 1:21-cr-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Hill*, ___F. Supp.3d___, No. 21CR201 WQH, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022).

In *District of Columbia v. Heller*, the United States Supreme Court struck down a District of Columbia law banning possession of handguns in the home. 554 U.S. 570, 635 (2008). In doing so, the Supreme Court concluded that the Second Amended protects the individual right to bear arms but cautioned that the right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which the Court described as "presumptively lawful." *Id.* at 625, 626, 627 n.26. Two years later, in *McDonald v. City of Chicago*, the Court reiterated that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions of firearms by felons . . .'" 561 U.S. 742, 786 (2010). Relying on *Heller*, the Ninth Circuit has repeatedly held that § 922(g)(1) does not violate the Second Amendment. *See, e.g., United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010).

Following *Heller* and *McDonald*, the Ninth Circuit adopted a two-step framework to assess the constitutionality of firearms regulations. *See Young v. Hawaii*, 992 F.3d 765, 783-84 (9th Cir. 2021) (en banc). But in June 2022, the Supreme Court rejected this two-step analysis and instead held that the proper test for whether a regulation violates the Second Amendment is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by

demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129-30.

The issue before the Court is therefore whether *Bruen*, in stating a new test for assessing constitutionality under the Second Amendment, repudiated *Heller* and other pre-*Bruen* Ninth Circuit precedent regarding the constitutionality of § 922(g)(1). "[W]here the reasoning or theory of [a] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," that precedent should be rejected as having been "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (internal quotation marks and citation omitted). "So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (internal quotation marks and citation omitted).

Here, the Court has no difficulty in concluding that it can apply pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) without running afoul of the dictates of *Bruen*. In *Bruen*, the majority stated that its holding is "in keeping with *Heller*." 142 S. Ct. at 2126. The concurrences and dissents in *Bruen* are even more explicit. Justice Alito, in his concurrence, wrote that *Bruen* "decides nothing about who may lawfully possess a firearm," and disturbed nothing from *Heller* "about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157 (Alito, J., concurring). Justice Kavanaugh, joined by Chief Justice Roberts, wrote that "the Second Amendment allows a variety of gun regulations," including "presumptively lawful regulatory measures," such as "prohibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring) (internal quotation marks and citation omitted). In his dissent, Justice

Page 3 – OPINION & ORDER

Breyer noted that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting possession of firearms by felons. *Id.* at 2189 (Breyer, J., dissenting). And even prior to *Bruen*, the Ninth Circuit undertook an examination of the historical tradition of gun regulation before concluding that § 922(g)(1) is consistent with the Second Amendment. *Vongxay*, 594 F.3d at 1116-18. The Court therefore concludes that *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay* and so those cases were not overruled by *Bruen*.

The Court therefore concludes that the prohibition on the possession of firearms by felons in § 922(g)(1) does not violate the Second Amendment and Defendant's motion is denied.

## CONCLUSION

Defendant's Motion to Dismiss Count 1 of the Indictment, ECF No. 27, is DENIED.

It is so ORDERED and DATED this  16th  day of June 2023

                            /s/Ann Aiken  
                            ANN AIKEN  
                            United States District Judge